PROB. 12B
(7/93)

# ORIGINAL



FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 19 [____]

at 3 o'clock and ___ min. ___M
SUE BEITIA, CLERK

## United States District Court

### for the

### DISTRICT OF HAWAII

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: ELIZABETH ANN JONES    Case Number: CR 02-00178SOM-07

Name of Sentencing Judicial Officer:   The Honorable Edward Rafeedie
U.S. District Judge

Date of Original Sentence: 4/5/2004

Original Offense:   Count 1: Conspiracy to Distribute and Possess With Intent to Distribute in Excess of 50 Grams of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), a Class A felony

Original Sentence:   Forty-five (45) months imprisonment, to be followed by a 5-year term of supervised release. The following special conditions were imposed: 1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the fine of $7,500 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision; 4) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; and 5) That the defendant participate in a mental health program at the discretion and direction of the Probation Office. The Court also ordered that the fine of $7,500 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived while

Prob 12B
(7/93)

2

the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

Type of Supervision: Supervised Release    Date Supervision Commenced: 2/17/2006

## PETITIONING THE COURT

[✓]  To modify the conditions of supervision as follows:

General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).

Special Condition No. 1: That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Special Condition No. 6: The defendant is to refrain from the possession and/or use of alcohol during the term of supervised release, shall not associate with any individual who is actively consuming or using alcohol, and shall not enter any establishment in which the sale and consumption of alcohol is the primary source of business.

Special Condition No. 7: That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

Special Condition No. 8: That the defendant is required to follow instructions of her Probation Officer relating to her financial management skills, including possible participation in a financial management class and limitation of expenditures.

Prob 12B
(7/93)

3

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 9 | On 7/20/2006, the subject associated with a person convicted of a felony, to wit, John E. Suter, without permission to do so by the Probation Officer. |
| 2. Standard Condition No. 3 | From 6/14/2006 through 8/23/2006, the subject failed to follow instructions of the Probation Officer. |

On 8/22/2005, the subject was transferred by the Bureau of Prisons to Mahoney Hale, the federal residential reentry center on Oahu. On 1/13/2006, approximately 1 month before her anticipated release date, the subject met with this officer and reported the following financial holdings in various accounts at Central Pacific Bank: $138,000 in a certificate of deposit account, $80,000 in a savings account, and $4,000 in a checking account, for an aggregate total of approximately $222,000. It should be noted that the subject satisfied all of her Court-ordered financial obligations on 7/8/2004. On 1/24/2006, this officer reviewed the conditions imposed by the Court with the subject, who acknowledged understanding each and every condition. The subject was also provided a copy of her conditions for her reference. On 2/13/2006, this officer instructed the subject to prepare an expense report for March 2006, in order to determine her financial management status. This officer was concerned that the subject's lack of employment as well as her expenses might cause a constant negative income stream that would significantly deplete her funds. In addition, this officer determined that the subject's past substance abuse history and current access to substantial funds might prove to be a dangerous combination. On 2/17/2006, the subject commenced her term of supervised release.

**Violation No. 1 - Association With a Convicted Felon:** On 7/20/2006, the subject was discovered in the apartment of another felon under federal supervision, John E. Suter. When questioned about her relationship with Suter, the subject stated that she met him at an Alcoholics Anonymous meeting, developed an attraction to him, and has been seeing him for the past several months. In addition, when she purchased a new vehicle, she sold her old vehicle to Suter. The subject also acknowledged that she was aware that such association was prohibited by her conditions of supervised release.

The Court may recall that it revoked the initial term of supervised release of John E. Suter on 2/4/2005, after finding that he had violated his conditions of supervision by consuming alcohol, failing to answer probation inquiries truthfully, and using a controlled substance without a prescription. Suter commenced his second term of supervised release on 7/25/2005.

**Violation No. 2 - Failure to Follow Instructions:** On 2/23/2006, this officer referred the subject to Freedom Recovery Services, Inc. (FRS), in order to participate in

Prob 12B
(7/93)

4

the 1-year federal drug aftercare program (DAP). On the same date, this officer reviewed the treatment and testing conditions of DAP with the subject, who acknowledged understanding all of the conditions. She was specifically instructed and subsequently agreed not to consume alcohol during the period of her participation in DAP. On 7/20/2006, when the subject was discovered in John E. Suter's apartment, the probation officer supervising Suter detected a strong odor of alcohol on the subject's breath. When questioned, the subject admitted that she had consumed several shots of hard liquor and a few beers.

On 5/10/2006, this officer set a budget target for the subject of $920 per month, excluding rent, based on her reported expenses. Once again, the primary motivation for this instruction was the subject's lack of employment and her consistently high outflow of funds each month. On 6/14/2006, the subject stated that she was having difficulty maintaining her allotted budget. She was then instructed to obtain and retain receipts for all of her expenses. On 8/25/2006, this officer reviewed the subject's receipts and bank statements for the period from 7/1/2006 through 8/23/2006. The bank statements indicated that the subject had a total balance of $38,491.54 as of 7/1/2006. Her receipts had an aggregate total of $9,051.95. On 8/23/2006, the subject's remaining bank account balance was $931.16. The subject was unable to account for expenditures totaling $28,508.43. When asked about the missing receipts, the subject stated that she was not sure where she spent the money and added that she often did not obtain nor retain receipts, as instructed by this officer.

A further review of the financial documents of the subject reveals that on 3/1/2006, the subject had bank account balances totaling $189,988.97. By 8/23/2006, these balances were reduced to $931.16, indicating that the subject had spent $189,057.81 in less than 6 months. This results in an average monthly outflow of over $30,000.00. The subject could not provide any accounting for such massive expenses and her reported expenses did not approach this total amount of expenditures. The subject explained that she was a compulsive buyer, who had replaced her substance abuse addiction with a spending addiction.

On 8/9/2006, the subject executed a Probation Form 49, thereby waiving her rights to counsel and to a hearing. In addition, the subject agreed to modify her conditions of supervision in order to accommodate the requirements of U.S. v. Stephens and the new language for substance abuse treatment. In addition, she agreed with the imposition of additional special conditions to address her alcohol and financial management issues. Although the large unexplained expenditures by the subject raise many questions and suspicions regarding her activities, there is no evidence that the subject's spending is connected with any illegal activity and she has consistently tested negative for illicit substances.

The subject is aware that continued noncompliance may result in harsher sanctions, including the revocation of her supervision. However, given the subject's willingness to address her problems, we recommend no further action from the Court.

Prob 12B
(7/93)

5

    Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The subject waives her right to a hearing and to assistance of counsel. The subject agrees to the modification of the conditions of supervised release. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed modifications and have no objections to the modifications.

                                              Respectfully submitted by,

                                              J. MARTIN ROMUALDEZ
                                              U.S. Probation Officer

Approved by:

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 9/15/2006

---

THE COURT ORDERS:

[✓] The Modification of Conditions as Noted Above
[ ] Other

                                          SUSAN OKI MOLLWAY
                                          U.S. District Judge

                                          9/15/06
                                          Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Supervised Release

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Supervised Release. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Supervised Release:

[ X ]    To modify the conditions of supervision as follows:

| | |
|---|---|
| General Condition | That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition). |
| Special Condition 1 | That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment. |
| Special Condition 6 | The defendant is to refrain from the possession and/or use of alcohol during the term of supervised release, shall not associate with any individual who is actively consuming or using alcohol, and shall not enter any establishment in which the sale and consumption of alcohol is the primary source of business.. |
| Special Condition 7 | That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office. |
| Special Condition 8 | That the defendant is required to follow instructions of her Probation Officer relating to her financial management skills, including possible participation in a financial management class and limitation of expenditures. |

Witness: *[signed] Frank M. Cordella II for*
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Signed: *[signed] Elizabeth Ann Jones*
ELIZABETH ANN JONES
Supervised Releasee

9-15-06
Date