Prob 12C
(Rev. 1/06 D/HI)

# ORIGINAL

## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

NOV 1 6 2006

at _____ o'clock and _____ min. ____ M
SUE BEITIA, CLERK

U.S.A. vs. ELIZABETH ANN JONES                    Docket No. CR 02-00178SOM-07

## REQUEST FOR COURSE OF ACTION
### (Statement of Alleged Violations of Supervised Release)

COMES NOW J. MARTIN ROMUALDEZ, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of ELIZABETH ANN JONES who was placed on supervision by the Honorable Edward Rafeedie, U.S. District Judge, sitting in the Court at Honolulu, Hawaii, on the 5th day of April 2004, who fixed the period of supervision at 5 years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant is prohibited from possessing any illegal or dangerous weapons.

3. That the fine of $7,500 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income.  Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

4. That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.

5. That the defendant participate in a mental health program at the discretion and direction of the Probation Office.

On 9/15/2006, the Court modified the subject's conditions of supervised release based upon alleged violations that included the subject's improper association with another federal offender and her failure to follow the instructions of the Probation Officer.  The modifications included the amendment of the mandatory drug testing language in order to accommodate the requirements of U.S. v. Stephens, and the following special conditions:

Prob 12C
(Rev. 1/06 D/HI)

2

1.  That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

6.  The defendant is to refrain from the possession and/or use of alcohol during the term of supervised release, shall not associate with any individual who is actively consuming or using alcohol, and shall not enter any establishment in which the sale and consumption of alcohol is the primary source of business.

7.  That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

8.  That the defendant is required to follow instructions of her Probation Officer relating to her financial management skills, including possible participation in a financial management class and limitation of expenditures.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of her Supervised Release (Probation Forms 7A and 12B attached) as follows:

1.  On 10/11/2006, the subject admitted that she used an illegal controlled substance, to wit, cocaine, on or about April or May 2006, in violation of the General Condition and Standard Condition No. 7.

2.  From 6/14/2005 through 8/23/2006, the subject failed to follow instructions of the Probation Officer, in violation of Standard Condition No. 3.

3.  On 6/21/2006 and 7/20/2006, the subject failed to participate in a substance abuse program, as directed by the Probation Office, in violation of Special Condition No. 1.

4.  On 9/26/2006 and 9/27/2006, the subject failed to answer truthfully all inquiries by the Probation Officer, in violation of Standard Condition No. 3.

5.  From at least 7/20/2006 through 10/23/2006, the subject associated with persons convicted of a felony without the permission of the Probation Officer, in violation of Standard Condition No. 9.

6.  From on or about 5/1/2006 through on or about 10/2/2006, the subject failed to submit truthful and complete written reports each month, in violation of Standard Condition No. 2.

Based on the above, the U.S. Probation Officer recommends that a Summons be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

Prob 12C
(Rev. 1/06 D/HI)

3

═══════════════════════════════════════════

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The Issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on ___11/15/2006_____

_J. MARTIN ROMUALDEZ_
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Approved by:

_Timothy M. Jenkins_
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

## ORDER OF COURT

THE COURT ORDERS the issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

Considered and ordered this 15th day of November, 2006, and ordered filed and made a part of the records in the above case.

_____
SUSAN OKI MOLLWAY
U.S. District Judge

Re:    **JONES, Elizabeth Ann**
       **Criminal No. CR 02-00178SOM-07**
       **REVOCATION OF SUPERVISED RELEASE**


## STATEMENT OF FACTS

On 4/5/2004, after being convicted of Conspiracy to Distribute and Possess With Intent to Distribute in Excess of 50 Grams of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), a Class A felony, the subject was sentenced to forty-five (45) months imprisonment, to be followed by a 5-year term of supervised release. On 1/24/2006, this officer reviewed the conditions imposed by the Court with the subject, who acknowledged understanding each condition and agreed to abide by them. The subject was also provided with a copy of her supervision conditions. On 2/17/2006, the subject commenced her term of supervised release. On 2/23/2006, the subject was referred to Freedom Recovery Services, Inc. (FRS) in order to participate in the one-year federal drug aftercare program (DAP).

**Violation No. 1 - Admission to Use of Illegal Controlled Substance:** On 9/7/2006, this officer received a written report regarding the subject's mental health treatment program with the Chrysalis Institute. The report indicated that the subject had admitted to having used cocaine in April or May 2006, during a manic episode. This officer reviewed the drug testing reports for the subject from FRS and noted that the subject was tested four (4) times during each of the months of April and May 2006, with no positive test results.

On 10/11/2006, this officer asked the subject about her use of cocaine in April or May 2006. The subject admitted that she had used cocaine on one occasion during that period. When asked why she neglected to inform this officer of her relapse, the subject stated that she felt that her disclosure to her mental health treatment providers was the appropriate coping mechanism at the time.

**Violation No. 2 - Failure to Follow Instructions:** On 2/23/2006, when the subject was referred to FRS, this officer reviewed the treatment and testing conditions of DAP with the subject, who acknowledged understanding all of the conditions. She was specifically instructed and subsequently agreed not to consume alcohol during the period of her participation in DAP. On 7/20/2006, when the subject was discovered in the apartment of another federal offender, a strong odor of alcohol was detected on the subject's breath. When questioned, the subject admitted that she had consumed several shots of hard liquor and a few beers. She was still participating in DAP at this time.

On 5/10/2006, this officer set a budget target for the subject of $920 per month, excluding rent, based on her reported expenses. The primary motivation for this instruction was the subject's lack of employment and her consistently high outflow of funds each month. On 6/14/2006, the subject stated that she was having difficulty

Re:    **JONES, Elizabeth Ann**
       **Criminal No. CR 02-00178SOM-07**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 2**

maintaining her allotted budget. She was then instructed to obtain and retain receipts for all of her expenses.

On 8/25/2006, this officer reviewed the subject's receipts and bank statements for the period from 7/1/2006 through 8/23/2006. The bank statements indicated that the subject had a total balance of $38,491.54 as of 7/1/2006. Her receipts had an aggregate total of $9,051.95. On 8/23/2006, the subject's remaining bank account balance was $931.16. The subject was unable to account for expenditures totaling $28,508.43. When asked about the missing receipts, the subject stated that she was not sure where she spent the money and added that she often did not obtain nor retain receipts, as instructed by this officer.

A further review of the financial documents of the subject reveals that on 3/1/2006, the subject had bank account balances totaling $189,988.97. By 8/23/2006, these balances were reduced to $931.16, indicating that the subject had spent $189,057.81 in less than 6 months. In other words, the subject's average monthly outflow during this period was in excess of $30,000.00. The subject could not provide any accounting for such massive expenses, and her documented expenses did not approach this total amount of expenditures. The subject explained that she was a compulsive buyer, who had replaced her substance abuse addiction with a spending addiction. However, she was unable to produce any merchandise or other purchases that accounted for the gross reduction in her funds. In addition, an inspection of her residence did not reveal any extravagant items or remodeling projects.

**Violation No. 3 - Failure to Participate in Substance Abuse Program:** On 6/21/2006, the subject unilaterally rescheduled her counseling session at FRS, claiming that she was experiencing the beginnings of a migraine episode. The subject did not contact this officer, although she had previously been instructed to do so if she were unable to keep any scheduled appointment at FRS. The subject was then told that her failure to report for her 6/21/2006 session would not be excused unless she could provide an appropriate medical verification for her migraine condition. She was unable to do so.

On 7/19/2006, the subject again unilaterally rescheduled a counseling session at FRS, indicating that she was suffering from another medical condition. Once again, the subject failed to contact this officer. Her session was rescheduled to 7/20/2006, at 5:00 p.m. The subject failed to report for her rescheduled appointment on 7/20/2006. Although the subject was able to provide a medical note that verified her visit to the hospital on 7/19/2006 for a "sprain of neck," on 7/20/2006, at approximately 8:00 p.m.,

Re:    **JONES, Elizabeth Ann**
       **Criminal No. CR 02-00178SOM-07**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 3**

the subject was discovered in the apartment of another federal offender, where she tested positive for and admitted to alcohol consumption.

**Violation No. 4 - Failure to Answer Truthfully All Inquiries by the Probation Officer:** On 9/22/2006, at approximately 8:41 p.m., this officer attempted to conduct an unannounced home inspection at the subject's Waikiki apartment; however, there was no response to this officer's knocks on the front door nor to this officer's phone calls. This officer then confirmed the presence of the subject's vehicle in the apartment building's garage. This officer waited at the subject's apartment building until approximately 11:17 p.m. During this time, this officer would also telephone the subject's apartment unit every 15 or 20 minutes, and no one answered the calls.

When questioned about her activities on the evening of 9/22/2006, the subject indicated that she had been at work until sometime between 9:30 p.m. and 10:30 p.m. She also stated that she had used her vehicle for work. This officer then confronted the subject about the attempted home inspection that evening. The subject indicated that she may have finished work earlier and may have been asleep when this officer stopped by. This officer instructed the subject to verify her work schedule through her employer. During a follow-up meeting, the subject admitted that she had lied to this officer and explained that on the evening of 9/22/2006, she had been with a man named "Joe," who was married and with whom the subject was having an affair. She claimed not to know the man's last name but provided this officer with a telephone number.

On 9/26/2006, this officer conducted surveillance on the subject at her worksite in the Ward Center parking garage. At approximately 9:38 p.m., the subject departed from the garage in her pick-up truck. She was alone inside her vehicle at this time and drove to an apartment building on 1590 Thurston Avenue. She exited her vehicle and remained in the apartment building for 30 minutes. When she departed from the building, she was driving her pick-up truck and had a female passenger in the front seat. This female passenger was later positively identified as Young Tanimoto, another federal felon. The subject dropped off Young Tanimoto at Kukui Plaza across from Fort Street Mall, which is within the Chinatown Weed-and-Seed area. It should be noted that Young Tanimoto has a Weed-and-Seed geographical restriction as a condition of supervision. After dropping off Young Tanimoto, the subject drove to her own apartment building, where this officer eventually made an unannounced home visit.

During the home visit, the subject was asked about her activities that evening. The subject stated that she left work a little after 10:00 p.m. The subject also stated that she left work together with a female friend named "Wen." She identified Wen as a

Re:    **JONES, Elizabeth Ann**
       **Criminal No. CR 02-00178SOM-07**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 4**

security patrol officer for Ward Center.  The subject related that she dropped Wen off somewhere downtown.  She claimed not to know Wen's full name.

After this officer established the identity of Young Tanimoto, the subject was subsequently confronted about her activities on the evening of 9/26/2006.  She admitted that she had lied to this officer and disclosed that Wen's real name was Young Tanimoto, a federal felon who had spent some time with the subject in the federal residential reentry center.  She acknowledged that she knew that Young Tanimoto was a federal felon and that she was not permitted to associate with her.

**Violation No. 5 - Association With Felons Without Permission:**  On 7/20/2006, at approximately 8:00 p.m., the subject was discovered in the apartment of another federal felon, John E. Suter.  She was intoxicated at the time and admitted to having consumed several alcoholic beverages, despite her current enrollment in DAP and its accompanying prohibition against alcohol consumption.  Significantly, the subject had missed an earlier counseling session at FRS on the same evening.  She also indicated that she had a "crush" on John E. Suter, had arranged to sell him a car, and had been seeing him for the past several months.  It should be noted that the supervision term of John E. Suter was revoked by Your Honor on 10/10/2006, based on several violations that included his association with the subject and his commission of a new criminal offense.

On 7/21/2006, the prohibition against association with other felons was explained to the subject once again, and she was also escorted to Your Honor's Court in order to witness a revocation hearing.  After the hearing, the subject acknowledged that her violations would justify the revocation of her supervised release.  At subsequent meetings with this officer, the subject apologized for her actions, assured this officer that such violations would not occur again, and ended by stating that she would work hard to earn this officer's trust.

On 9/26/2006, the subject was observed driving to the apartment building of and picking up another federal felon, Young Tanimoto.  The subject would later drop off Young Tanimoto in the Chinatown Weed-and-Seed area, an area in which Young Tanimoto was specifically prohibited from entering by the Court.  When asked about her encounter with Young Tanimoto, the subject initially lied about the latter's identity.  However, on 10/23/2006, the subject admitted that she has been associating with Young Tanimoto on a regular basis and has known about the latter's status as a convicted felon.  During questioning, the subject also disclosed that Young Tanimoto was a listed contact in her cellular telephone directory.

Re:    JONES, Elizabeth Ann
       Criminal No. CR 02-00178SOM-07
       REVOCATION OF SUPERVISED RELEASE
       STATEMENT OF FACTS - Page 5


       Based on the subject's known association with at least two (2) federal felons and
her admission that she used her cellular telephone to contact at least one of those
felons, the subject's cellular telephone directory was reviewed for other possible
violations.  The subject claimed that she could not recall if any other felons were listed
in her directory but volunteered to identify telephone numbers for this officer.  A review
of the subject's cellular telephone directory revealed the following federal felons:

   1.    Gail Adkins (née Griffin):  Although this officer has not been able to track
         down this individual's criminal history, the subject related that she met this
         individual in federal prison.

   2.    Wally Furukawa:  This individual was convicted of Conspiracy to Distribute
         and Possess With Intent to Distribute In Excess of 100 Grams of Crystal
         Methamphetamine and is currently under federal supervision until
         11/24/2010.  The subject explained that she had this individual's number
         in order to assist him in moving furniture.

   3.    Jason Jones:  This individual was convicted of Conspiracy to Distribute a
         Controlled Substance and is currently under federal supervision until
         9/19/2008.  The subject initially described this individual as a friend from
         Maui.  It was later determined that this individual was the subject's
         codefendant in the instant case.

   4.    Jan Medeiros:  This individual was convicted of Distribution of 50 Grams
         or More of Methamphetamine and is currently under federal supervision
         until 4/27/2010.  The subject explained that she used this individual's
         contact number in order to get in touch with this individual's sister, who is
         involved in a network multi-level marketing business involving personal
         care products.

   5.    Mark Pomele:  This individual was convicted of three (3) counts of
         Possession With Intent to Distribute and Distribution of Cocaine Base
         Within 1,000 Feet of a Playground and was scheduled to terminate
         federal supervision on 4/3/2012.  However, he has since been arrested on
         a supervision violation warrant for a number of violations, including his
         association with two (2) federal felons.  His revocation hearing is pending.

   6.    Deven Boyd Quinn:  This individual was convicted of Manufacturing
         Counterfeit Obligations and was scheduled to terminate federal
         supervision on 9/11/2004.  However, his term of supervised release was

Re:    **JONES, Elizabeth Ann**
       **Criminal No. CR 02-00178SOM-07**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 6**

revoked on 8/11/2004, after having absconded from supervision in December 2001. He was sentenced to the maximum amount of prison time (2 years), given the nature of his violations, which included the commission of new criminal offenses and the use of illicit substances.

7.    Young Tanimoto:  This individual was convicted of Distribution of Cocaine Base Within 1,000 Feet of a Private University and is currently under federal supervision until 3/2/2011. The subject indicated that she has known this individual since her time in federal prison.

8.    Hong Tran:  This individual was convicted of several counts in two (2) separate cases. His offenses of conviction include two (2) counts of Conspiracy to Possess With Intent to Distribute In Excess of 50 Grams of Methamphetamine, two (2) counts of Possession With Intent to Distribute in Excess of 50 Grams of Methamphetamine, and one (1) count each of Aiding and Abetting the Distribution of in Excess of 50 Grams of Methamphetamine, Distribution of in Excess of 5 Grams of Methamphetamine, and Possession With Intent to Distribute in Excess of 5 Grams of Methamphetamine. He is currently under federal supervision until 3/16/2010. The subject explained that she only contacts this individual in order to check on his continued sobriety, as they participated in the same substance abuse treatment program while at Mahoney Hale.

**Violation No. 6 - Failure to Submit Truthful and Complete Written Reports:**
Before the commencement of her term of supervised release, the subject was instructed to submit truthful and complete written reports by the fifth of each month, covering her relevant activities and information for the preceding month. She was specifically told to answer every item on the monthly supervision report form and to sign each report.

With regard to her use of illegal substances, the subject has admitted to having used cocaine in April or May 2006. In her monthly supervision reports for both months, when asked "Did you possess or use any illegal drugs?," the subject responded by checking the "NO" box.

With regard to having contact with anyone having a criminal record, the subject indicated in her monthly supervision reports that she only had contact with such individuals when she attended Alcoholics Anonymous/Narcotics Anonymous meetings or substance abuse counseling sessions. However, by her own admission and by the evidence discovered in her cellular telephone, the subject had been involved in a

Re:    **JONES, Elizabeth Ann**
       **Criminal No. CR 02-00178SOM-07**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 7**


relationship with John E. Suter for several months before she was observed in his apartment on 7/20/2006, had personally contacted and met with Young Tanimoto on 9/26/2006, and was in contact with several federal felons throughout her supervision term. The only monthly supervision report that reports contact with an individual having a criminal record, outside the context of treatment and recovery, is her report for July 2006, as she had been discovered at John E. Suter's apartment by a probation officer that month.

The subject has demonstrated that she is not amenable to supervision at this time. Her multiple and repeated violations indicate that she does not take her supervision seriously. With regard to breaching the Court's trust, the subject's conduct suggests that she is not ready to deal with the Court or its direct representative, the Probation Office, in an honest and forthright manner. However, given the subject's willingness to appear as directed by this officer, the absence of a history of violence, and the lack of any recent evidence of illicit drug use, the Probation Office is requesting the issuance of a Summons and that the subject be brought before the Court to show cause why supervision should not be revoked.

Respectfully submitted by,


_J. MARTIN ROMUALDEZ_
J. MARTIN ROMUALDEZ
U.S. Probation Officer


Approved by:


_TIMOTHY M. JENKINS_
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer


JMR/ct

Re:    **JONES, Elizabeth Ann**
       **Criminal No. CR 02-00178SOM-07**
       **REVOCATION OF SUPERVISED RELEASE**
       **STATEMENT OF FACTS - Page 8**

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

That the defendant shall submit her person, residence, place of employment or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation.  The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

That the defendant serve up to 6 months community confinement in a residential reentry center such as Mahoney Hale, following release from imprisonment as arranged by the Probation Office.  While serving the term of community confinement, the defendant may obtain employment and/or enroll in an educational program as approved and directed by the Probation Office.

PROB 7A
(Rev. 9/00; D/HI 7/02)

**Conditions of Probation and Supervised Release**

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To:        Elizabeth Ann Jones                          Docket No.  CR 02-00178SOM-07
Address:   909 Kaamahu Place
           Honolulu, Hawaii  96817

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Edward Rafeedie,  U.S. District Judge for the District of Hawaii.  The defendant's term of supervision is for a period of FIVE (5) YEARS commencing upon release from confinement (2/17/06).

While on supervised release, the defendant shall not commit another federal, state, or local crime.  The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[✓ ]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ]    The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1)    The defendant shall not leave the judicial district without the permission of the court or probation officer; Prohibited from leaving Oahu; w/out approval.

(2)    The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3)    The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)    The defendant shall support his or her dependents and meet other family responsibilities;

(5)    The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)    The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)    The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)    The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)    The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10)   The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11)   The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12)   The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13)   As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**

(1)    *That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.*

(2)    *That the defendant is prohibited from possessing any illegal or dangerous weapons.*

**(special conditions continued on next page)**

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Elizabeth Ann Jones_     1-24-06
ELIZABETH ANN JONES                Date
Defendant

_Martin Romualder_     1.24.2006
ROBIN L. DeMELLO             Date
Senior U.S. Probation Officer

PROB 7A
(Rev. 9/00; D/HI 7/02)

RE:     JONES, Elizabeth Ann
        Docket No. CR 02-00178SOM-07

Conditions of Probation and Supervised Release
**(continued from previous page)**

(3)    *That the fine of $7,500 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income. Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.*

(4)    *That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office.*

(5)    *That the defendant participate in a mental health program at the discretion and direction of the Probation Office.*

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _Elizabeth Ann Jones_     _1-24-06_
         ELIZABETH ANN JONES         Date
         Defendant

         _Martin Romualdes_          _1·24·2006_
         ROBIN L. DeMELLO            Date
         Senior U.S. Probation Officer

PROB. 12B
(7/93)

**RECEIVED**

SEP 19 2006

U.S. PROBATION OFFICE
HONOLULU, HAWAII

**United States District Court**

**for the**

**DISTRICT OF HAWAII**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 19

at _3_ o'clock and ____min. __M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  ELIZABETH ANN JONES      Case Number:  CR 02-00178SOM-07

Name of Sentencing Judicial Officer:    The Honorable Edward Rafeedie
U.S. District Judge

Date of Original Sentence:  4/5/2004

Original Offense:    Count 1:  Conspiracy to Distribute and Possess With Intent to Distribute in Excess of 50 Grams of Methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), a Class A felony

Original Sentence:    Forty-five (45) months imprisonment, to be followed by a 5-year term of supervised release.  The following special conditions were imposed:  1) That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office; 2) That the defendant is prohibited from possessing any illegal or dangerous weapons; 3) That the fine of $7,500 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income.  Interest is waived while the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision; 4) That the defendant provide the Probation Office and the Financial Litigation Unit of the U.S. Attorney's Office access to any requested financial information to include submitting to periodic debtor's examinations as directed by the Probation Office; and 5) That the defendant participate in a mental health program at the discretion and direction of the Probation Office.  The Court also ordered that the fine of $7,500 is due immediately and any remaining balance upon release from confinement be paid during the period of supervision on an installment basis according to the collection policy of the Probation Office but at a rate of not less than 10 percent of her monthly gross income.  Interest is waived while

Prob 12B
(7/93)

2

the defendant is serving her term of imprisonment and shall commence to accrue on any remaining balance upon her release on supervision.

<u>Type of Supervision:  Supervised Release    Date Supervision Commenced:  2/17/2006</u>

## PETITIONING THE COURT

[✓]    To modify the conditions of supervision as follows:

General Condition:  *That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).*

Special Condition
No. 1:    *That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office.  The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

Special Condition
No. 6:    *The defendant is to refrain from the possession and/or use of alcohol during the term of supervised release, shall not associate with any individual who is actively consuming or using alcohol, and shall not enter any establishment in which the sale and consumption of alcohol is the primary source of business.*

Special Condition
No. 7:    *That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.*

Special Condition
No. 8:    *That the defendant is required to follow instructions of her Probation Officer relating to her financial management skills, including possible participation in a financial management class and limitation of expenditures.*

Prob 12B
(7/93)

3

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 9 | On 7/20/2006, the subject associated with a person convicted of a felony, to wit, John E. Suter, without permission to do so by the Probation Officer. |
| 2. Standard Condition No. 3 | From 6/14/2006 through 8/23/2006, the subject failed to follow instructions of the Probation Officer. |

On 8/22/2005, the subject was transferred by the Bureau of Prisons to Mahoney Hale, the federal residential reentry center on Oahu. On 1/13/2006, approximately 1 month before her anticipated release date, the subject met with this officer and reported the following financial holdings in various accounts at Central Pacific Bank: $138,000 in a certificate of deposit account, $80,000 in a savings account, and $4,000 in a checking account, for an aggregate total of approximately $222,000. It should be noted that the subject satisfied all of her Court-ordered financial obligations on 7/8/2004. On 1/24/2006, this officer reviewed the conditions imposed by the Court with the subject, who acknowledged understanding each and every condition. The subject was also provided a copy of her conditions for her reference. On 2/13/2006, this officer instructed the subject to prepare an expense report for March 2006, in order to determine her financial management status. This officer was concerned that the subject's lack of employment as well as her expenses might cause a constant negative income stream that would significantly deplete her funds. In addition, this officer determined that the subject's past substance abuse history and current access to substantial funds might prove to be a dangerous combination. On 2/17/2006, the subject commenced her term of supervised release.

**Violation No. 1 - Association With a Convicted Felon:** On 7/20/2006, the subject was discovered in the apartment of another felon under federal supervision, John E. Suter. When questioned about her relationship with Suter, the subject stated that she met him at an Alcoholics Anonymous meeting, developed an attraction to him, and has been seeing him for the past several months. In addition, when she purchased a new vehicle, she sold her old vehicle to Suter. The subject also acknowledged that she was aware that such association was prohibited by her conditions of supervised release.

The Court may recall that it revoked the initial term of supervised release of John E. Suter on 2/4/2005, after finding that he had violated his conditions of supervision by consuming alcohol, failing to answer probation inquiries truthfully, and using a controlled substance without a prescription. Suter commenced his second term of supervised release on 7/25/2005.

**Violation No. 2 - Failure to Follow Instructions:** On 2/23/2006, this officer referred the subject to Freedom Recovery Services, Inc. (FRS), in order to participate in

Prob 12B
(7/93)

5

   Attached is a signed Waiver of Hearing to Modify Conditions of Supervised
Release. The subject waives her right to a hearing and to assistance of counsel. The
subject agrees to the modification of the conditions of supervised release. The
subject's attorney and the U.S. Attorney's Office have been notified of the proposed
modifications and have no objections to the modifications.

                                        Respectfully submitted by,

                                        *J. Martin Romualdez*

                                        J. MARTIN ROMUALDEZ
                                        U.S. Probation Officer

Approved by:

*Timothy M. Jenkins*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date:  9/15/2006

_____

THE COURT ORDERS:

[✓] The Modification of Conditions as Noted Above
[  ] Other

                        _____
                        SUSAN OKI MOLLWAY
                        U.S. District Judge
                        _____
                              9/15/06
                                Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Supervised Release

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Supervised Release. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Supervised Release:

[ X ]    To modify the conditions of supervision as follows:

*General Condition*

That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision, unless there is a positive drug test, in which event, the maximum shall increase to up to one valid drug test per day (mandatory condition).

*Special Condition 1*

That the defendant shall participate in and comply with substance abuse treatment which includes drug and alcohol testing in a program approved by the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

*Special Condition 6*

The defendant is to refrain from the possession and/or use of alcohol during the term of supervised release, shall not associate with any individual who is actively consuming or using alcohol, and shall not enter any establishment in which the sale and consumption of alcohol is the primary source of business..

*Special Condition 7*

That the defendant is prohibited from incurring credit charges and lines of credit without the approval of the Probation Office.

*Special Condition 8*

That the defendant is required to follow instructions of her Probation Officer relating to her financial management skills, including possible participation in a financial management class and limitation of expenditures.

Witness: _J. Martin Cordello II for_
J. MARTIN ROMUALDEZ
U.S. Probation Officer

Signed: _Elizabeth Ann Jones_
ELIZABETH ANN JONES
Supervised Releasee

_9-15-06_
Date